# EXHIBIT G
## Part II of III

(d) The Custodian shall not be liable for any actions or failures to act on the part of a Successor Custodian nor for any tax consequences incurred by the Depositor as a result of the transfer or distribution of assets pursuant to this section.

8.05 Custodian's Fees and Expenses.

(a) The Depositor agrees to pay the Custodian any and all fees specified in the Custodian's current published fee schedule for establishing and maintaining this IRA, including any fees for distributions from, transfers from, and terminations of this IRA. The Custodian may change its fee schedule at any time by giving the Depositor 30 days prior written notice. In addition, the Depositor agrees to pay any brokerage commissions attributable to the purchase or sale of assets.

(b) The Depositor agrees to pay any expenses incurred by the Custodian in the performance of its duties in connection with the account. Such expenses include, but are not limited to, administrative expenses, such as legal and accounting fees, and any taxes of any kind whatsoever that may be levied or assessed with respect to such an account.

(c) All such fees, taxes, and other administrative expenses charged to the account shall be collected either from the assets in the account, or from any contributions to, or distributions from, such account if not paid by the Depositor, but the Depositor shall be responsible for any deficiency.

(d) In the event that for any reason the Custodian is not certain as to who is entitled to receive all or part of the Custodial Funds, the Custodian reserves the right to withhold any payment from the Custodial Account, to request a court ruling to determine the disposition of the Custodial Assets, and to charge the Custodial Fund for any expenses incurred in obtaining such legal determination.

8.06 Withdrawal Requests.

All requests for withdrawal shall be in writing on a form provided by the Custodian. Such written notice must also contain the reason for the withdrawal and the method of distribution being requested. Any withdrawals shall be subject to applicable tax and other laws and regulations including possible early withdrawal penalties and withholding requirements. If the Depositor is receiving periodic distributions, such Depositor may change a previous tax withholding election at any time with respect to future payments.

The Custodian's terms and conditions regarding distributions shall be extended to all mediums permitted pursuant to IRS regulations.

8.07 Age 70 1/2 Default Provisions.

If the Depositor does not choose any of the distribution methods under Article IV of this Custodial Agreement by April 1st following the calendar year in which the Depositor reaches age 70 1/2, distribution shall be determined based upon the distribution period in the uniform lifetime distribution period table in Regulation section 1.401(a)(9)-9. However, no payment will be made until the Depositor provides the Custodian with a proper distribution request acceptable to the Custodian. Upon receipt of such distribution request, the Depositor may switch to a joint life expectancy in determining the required minimum distribution if the Depositor's spouse was the sole beneficiary as of January 1st of the year that contains the Depositor's required beginning date and such spouse is more than 10 years younger than the Depositor.

8.08 Death Benefit Default Provisions.

(a) If the Depositor dies before his or her required beginning date and the beneficiary does not select a method of distribution described in Article IV, Section 4.03(b)(i) or (ii) by December 31 following the year of the Depositor's death, then distributions will be made pursuant to the single life expectancy of the Designated Beneficiary determined in accordance with IRS regulations. However, no payment will be made until the beneficiary provides the Custodian with a proper distribution request acceptable to the Custodian and other documentation that may be required by the Custodian. A beneficiary may at any time request a complete distribution of his or her remaining interest in the Custodial Account. The Custodian reserves the right to require a minimum balance in the account in order to make periodic payments from the account.

(b) If the Depositor dies on or after his or her required beginning date, distribution shall be made in accordance with Article IV, Section 4.03(a). However, no payment will be made until the beneficiary provides the Custodian with a proper distribution request acceptable to the Custodian and other documentation that may be required by the Custodian. A beneficiary may at any time request a complete distribution of his or her remaining interest in the Custodial Account. The Custodian reserves the right to require a minimum balance in the account in order to make periodic payments from the account.

8.09 Transitional Rule for Determining Required Minimum Distributions for Calendar Year 2002.

Unless the Custodian provides otherwise, if a Depositor (or beneficiary) is subject to required minimum distributions for calendar year 2005, such individual may elect to apply the 1987 proposed regulations, the 2001 proposed regulations, or the 2002 final regulations in determining the amount of the 2005 required minimum. However, the Custodian, in its sole discretion, reserves the right to perform any required minimum distribution calculations through its data systems or otherwise based upon any of the three sets of regulations delineated in the previous sentence.

8.10 Responsibilities.

(a) Depositor agrees that all information and instructions given to the Custodian by the Depositor is complete and accurate and that the Custodian shall not be responsible for any incomplete or inaccurate information provided by the Depositor or Depositor's beneficiary(ies). Depositor and Depositor's beneficiary(ies) agree to be responsible for all tax consequences arising from contributions to, and distributions from, this Custodial Account and acknowledges that no tax advice has been provided by the Custodian.

(b) Beneficiaries must provide the Custodian with a tax identification number prior to receiving any death payments from this traditional IRA.

(c) In the event the Depositor requests a rollover distribution or a trustee-to-trustee transfer, the Depositor shall be responsible for:

(1) tracking the type of assets received from another IRA, or employer's plan (include any "after-tax" monies being rolled from another plan to this IRA);

(2) determining whether a rollover or transfer of assets is a taxable event;

(3) assuring that all required paperwork of the delivering institution has been supplied to the transfer or plan prior to initiating a rollover or transfer;

(4) withdrawing any required minimum distributions prior to the initiation of a rollover or transfer of assets.

8.11 Designation of Beneficiary.

(a) Except as may be otherwise required by State law, in the event of the Depositor's death, the balance in the account shall be paid to the beneficiary or beneficiaries designated by the Depositor on a beneficiary designation form acceptable to, and filed with, the Custodian. The Depositor may change the Depositor's beneficiary or beneficiaries at any time by filing a new beneficiary designation with the Custodian. If no beneficiary designation is in effect, if none of the named beneficiaries survive the Depositor, or if the Custodian cannot locate any of the named beneficiaries after a reasonable search, any balance in the account will be payable first to the Depositor's surviving spouse listed on the Depositor's death certificate. If there is no surviving spouse, then the assets are payable to the Depositor's estate.

(b) If permitted under state law, and if the Custodian permits, in the event of the Depositor's death, any beneficiary may name a subsequent beneficiary(ies) to receive the balance of the account to which such beneficiary is entitled upon the death of the original beneficiary by filing a Subsequent Beneficiary Designation Form acceptable to and filed with the Custodian. Payments to such subsequent beneficiary(ies) shall be distributed in accordance with the payment schedule applicable to the original beneficiary or more rapidly if the subsequent beneficiary requests. In no event can any subsequent beneficiary be treated as a designated beneficiary of the Depositor. The preceding sentence shall not apply with respect to the subsequent beneficiary(ies), if any, designated by the original spouse beneficiary where the Depositor dies before his or her required beginning date. In this case, the original spouse beneficiary is treated as the Depositor. If the balance of the account has not been completely distributed to the original beneficiary and such beneficiary has not named a subsequent beneficiary or no named subsequent beneficiary is living on the date of the original beneficiary's death, such balance shall be payable to the estate of the original beneficiary. The Custodian makes no warranties or representations with respect to the applicability of this section.

8.12 Governing Law.

This Agreement shall be construed, regulated, and administered under the laws of the State of New York, and any court accounting shall be in the courts of New York.

8.13 Arbitration.

The Depositor agrees that all controversies which arise under this Agreement or in connection with the Depositor's account shall be governed by the Depositor's Client Agreement with the Broker. Notwithstanding any other provision in the document, any arbitration provision shall be subject to the interpretation of the Code and regulations thereunder.

8.14 Inquiries.

The Depositor authorizes the Custodian to furnish upon request (i) to the Broker all information relating to the Depositor's IRA and (ii) to the issuer of securities the Depositor's name, address, and securities positions relating to the securities of such issuer.

Article IX Self-Directed IRA Provisions

9.01 Investment of Contributions.

At the direction of the Depositor (or the direction of the beneficiary upon the Depositor's death), the Custodian shall invest all contributions to the account and earnings thereon in investments acceptable to the Custodian, which may include marketable securities traded on a recognized exchange or "over the counter" (excluding any securities issued by the Custodian), covered call options, Certificates of Deposit, and other investments to which the Custodian consents, in such amounts as are specifically selected and specified by the Depositor in orders to the Custodian in such form as may be acceptable to the Custodian, without any duty to diversify and without regard to whether such property is authorized by the laws of any jurisdiction as a Custodial Investment. The Custodian shall be responsible for the execution of such orders and for maintaining adequate records thereof. However, if any such orders are not received as required, or, if

received, are unclear in the opinion of the Custodian, all or a portion of the contribution may be held uninvested without liability for loss of income or appreciation, and without liability for interest pending receipt of such orders or clarification, or the contribution may be returned. The Custodian may, but need not, establish programs under which cash deposits within parameters set by it will be periodically and automatically invested in a TD AMERITRADE, FDIC-insured Money Market Account. Cash deposits outside of these parameters may not be invested or may permit the Depositor to select among alternative investments funds made available by the Custodian for this purpose. The Custodian shall have no duty other than to follow the written investment directions of the Depositor, and shall be under no duty to question said instructions and shall not be liable for any investment losses sustained by the Depositor.

9.02 Registration.

All assets of the account shall be registered in the name of the Custodian or of a suitable nominee. The same nominee may be used with respect to assets of other investors whether or not held under agreements similar to this one or in any capacity whatsoever. However, each Depositor's account shall be separate and distinct; a separate account therefore shall be maintained by the Custodian, and the assets thereof shall be held by the Custodian in individual or bulk segregation either in the Custodian's vaults or in depositories approved by the Securities and Exchange Commission under the Securities Exchange Act of 1934.

9.03 Investment Advisor.

The Depositor may appoint an Investment Advisor, qualified under Section 3(38) of the Employee Retirement Income Security Act of 1974, to direct the investment of his IRA. The Depositor shall notify the Custodian in writing of any such appointment by providing the Custodian a copy of the instruments appointing the Investment Advisor and evidencing the Investment Advisor's acceptance of such appointment, an acknowledgment by the Investment Advisor that it is a fiduciary of the account, and a certificate evidencing the Investment Advisor's current registration under the Investment Advisor's Act of 1940. The Custodian shall comply with any investment directions furnished to it by the Investment Advisor, unless and until it receives written notification from the
Depositor that the Investment Advisor's appointment has been terminated. The Custodian shall have no duty other than to follow the written investment directions of such Investment Advisor and shall be under no duty to question said instructions, and the Custodian shall not be liable for any investment losses sustained by the Depositor.

9.04 No Investment Advice.

The Custodian does not assume any responsibility for rendering advice with respect to the investment and reinvestment of Depositor's account and shall not be liable for any loss which results from Depositor's exercise of control over his account. The Custodian and Depositor may specifically agree in writing that the Custodian shall render such advice, but the Depositor shall still have and exercise exclusive responsibility for control over the investment of the assets of his account, and the Custodian shall not have any duty to question his investment directives.

9.05 Prohibited Transactions.

Notwithstanding anything contained herein to the contrary, the Custodian shall not lend any part of the corpus or income of the account to; pay any compensation for personal services rendered to the account to; make any part of its services available on a preferential basis to; acquire for the account any property, other than cash, from; or sell any property to, any Depositor, any member of a Depositor's family, or a corporation controlled by any Depositor through the ownership, directly or indirectly, of 50 percent or more of the total combined voting power of all classes of stock entitled to vote, or of 50 percent or more of the total value of shares of all classes of stock of such corporation.

9.06 Unrelated Business Income Tax.

If the Depositor directs investment of the account in any investment which results in unrelated business taxable income, it shall be the responsibility of the Depositor to so advise the Custodian and to provide the Custodian with all information necessary to prepare and file any required returns or reports for the account. As the Custodian may deem necessary, and at the Depositor's expense, the Custodian may request a taxpayer identification number for the account, file any returns, reports, and applications for extension, and pay any taxes or estimated taxes owed with respect to the account. The Custodian may retain suitable accountants, attorneys, or other agents to assist it in performing such responsibilities.

9.07 Disclosures and Voting.

The Custodian shall deliver, or cause to be executed and delivered, to Depositor all notices, prospectuses, financial statements, proxies and proxy soliciting materials relating to assets credited to the account. The Custodian shall not vote any shares of stock or take any other action, pursuant to such documents, with respect to such assets except upon receipt by the Custodian of adequate written instructions from Depositor.

9.08 Miscellaneous Expenses.

In addition to those expenses set out in Article VIII, section 8.05 of this plan, the Depositor agrees to pay any and all expenses incurred by the Custodian in connection with the investment of the account, including expenses of preparation and filing any returns and reports with regard to unrelated business income,

including taxes and estimated taxes, as well as any transfer taxes incurred in connection with the investment or reinvestment of the assets of the account.

9.09 Nonbank Trustee Provision.

If the Custodian is a nonbank Trustee, the Depositor shall substitute another custodian or trustee in place of the Custodian upon receipt of notice from the Commissioner of the Internal Revenue Service or his delegate that such substitution is required because the Custodian has failed to comply with the requirements of Income Tax Regulations Section 1.408-2(e), or is not keeping such records, making such returns, or rendering such statements as are required by applicable law, regulations, or other rulings. The successor trustee or custodian shall be a bank, insured credit union, or other person satisfactory to the Secretary of the Treasury pursuant to Section 408(a)(2) of the Code. Upon receipt by the Custodian of written acceptance by its successor of such successor's appointment, Custodian shall transfer and pay over to such successor the assets of the account (less amounts retained pursuant to Article VIII, Section 8.05 of the Custodial Agreement) and all records (or copies thereof) of the Custodian pertaining thereto, provided that the successor trustee or custodian agrees not to dispose of any such records without the Custodian's consent.

General Instructions — (Section references are to the Internal Revenue Code unless otherwise noted.)

Purpose of Form — Form 5305-A is a model custodial account agreement that meets the requirements of section 408(a) and has been preapproved by the IRS. A traditional individual retirement account (traditional IRA) is established after the form is fully executed by both the individual (Depositor) and the Custodian and must be completed no later than the due date (excluding extensions) of the individual's income tax return for the tax year. This account must be created in the United States for the exclusive benefit of the Depositor or his or her beneficiaries. Do not file Form 5305-A with the IRS. Instead, keep it with your records. For more information on IRAs, including the required disclosures the Custodian must give the Depositor, see Pub. 590, Individual Retirement Arrangements (IRAs).

Definitions:

Custodian. The Custodian must be a bank or savings and loan association, as defined in section 408(n), or any person who has the approval of the IRS to act as Custodian.

Depositor. The Depositor is the person who establishes the custodial account.

Identifying Number. The Depositor's Social Security number will serve as the identifying number of his or her IRA. An employer identification number (EIN) is required only for an IRA for which a return is filed to report unrelated business taxable income. An EIN is required for a common fund created for IRAs.

Traditional IRA for Non-working Spouse. Form 5305-A may be used to establish the IRA Custodial Account for a non-working spouse. Contributions to an IRA Custodial Account for a non-working spouse must be made to a separate IRA Custodial Account established by the non-working spouse.

Specific Instructions —

Article IV. Distributions made under this article may be made in a single sum, periodic payment, or a combination of both. The distribution option should be reviewed in the year the Depositor reaches age 701/2 to ensure that the requirements of section 408(a)(6) have been met.

Article VIII. Article VIII and any that follow it may incorporate additional provisions that are agreed to by the Depositor and Custodian to complete the agreement. They may include, for example, definitions, investment powers, voting rights, exculpatory provisions, amendment and termination, removal of the Custodian, Custodian's fees, state law requirements, beginning date of distributions, accepting only cash, treatment of excess contributions, prohibited transactions with the Depositor, etc. Attach additional pages if necessary.

Traditional/Roth IRA Financial Disclosure — In General. IRS regulations require the Custodian to provide you with the financial projected growth of your Traditional/ Roth IRA based upon certain assumptions.

Growth in the Value of your IRA.

Growth in the value of your Traditional/Roth IRA is neither guaranteed nor projected. The value of your Traditional/Roth IRA will be computed by totaling the fair market value of the assets credited to your account. At least once a year the Custodian will send you a written report stating the current value of your Traditional/Roth IRA assets. The Custodian shall disclose separately a description of:

(a) The type and amount of each charge;

(b) the method of computing and allocating earnings, and

(c) any portion of the contribution, if any, which may be used for the purchase of life insurance.

Custodian Fees.

The Custodian may charge a reasonable annual maintenance fee for its expenses incurred for the administration of your Traditional/Roth IRA. The Custodian may also charge a termination fee for a complete transfer of the assets to a Successor Trustee or Custodian. Such fees may be charged to you directly or to your Traditional/Roth IRA Custodial Account. If the fee is charged against the assets in your Traditional/Roth IRA, you may not reimburse such fee to your Traditional/Roth IRA. If a reimbursement does occur, such

addition to your Traditional/Roth IRA will be treated as a contribution for the year in which such reimbursement occurs, and this could potentially cause an excess contribution in your Traditional/Roth IRA for that year. Therefore, if a check is received for the fee after it has been charged against the assets in the Traditional/Roth IRA, such amount will be applied towards the following year's fee. The Custodian reserves the right to liquidate assets in the Traditional/Roth IRA up to the amount of the debit arising from fee charges.

Traditional IRA Disclosure Statement
This Disclosure Statement, which is provided to you in compliance with Treasury Regulation section 1.408-6(d)(4), explains what you should know about your Individual Retirement Account (IRA), and is a general review of the federal income tax law applicable to it.
Right to Revoke Your IRA — You may revoke your IRA within seven (7) days after you sign the IRA Adoption Agreement by hand-delivering or mailing a written notice to the name and address indicated on the IRA Adoption Agreement. If you revoke your account by mailing a written notice, such notice must be postmarked by the 7th day after you sign the Adoption Agreement. If you revoke your IRA within the 7-day period you will receive a refund of the entire amount of your contributions to the IRA without any adjustment for earnings or any administrative expenses. If you exercise this revocation, we are still required to report the contribution on Form 5498 (except transfers) and the revoked distribution on Form 1099-R.

GENERAL REQUIREMENTS OF AN IRA
1. Your contributions must be made in cash, unless you are making a rollover contribution and the Custodian accepts non-cash rollover contributions.
2. The annual contributions you make on your behalf may not exceed the lesser of 100% of your compensation or the "applicable annual dollar limitation" (defined below), unless you are making a rollover, transfer, or SEP contribution. If contributions are being made under an employer's SIMPLE Retirement Plan, you must establish a separate SIMPLEIRA document to which only SIMPLE contributions may be made. This type of IRA is called a "SIMPLE-IRA." "SIMPLE-IRA" contributions may not be made into this account. Roth IRA contributions may not be made into this account.
3. Regular annual contributions cannot be made for any year beginning the year you attain the age of 701/2.
4. Your regular annual contributions for any taxable year may be deposited at any time during that taxable year and up to the due date for the filing of your Federal income tax return for that taxable year, with no extensions. This generally means April 15 of the following year.
5. The Custodian of your IRA must be a bank, savings and loan association, credit union, or a person who is approved to act in such a capacity by the Secretary of the Treasury.
6. No portion of your IRA funds may be invested in life insurance contracts.
7. Your interest in your IRA is nonforfeitable at all times.
8. The assets in your IRA may not be commingled with other property except in a common trust fund or common investment fund.
9. You may not invest the assets of your IRA in collectibles (as described in Section 408(m) of the Internal Revenue Code). A collectible is defined as any work of art, rug or antique, metal or gem, stamp or coin, alcoholic beverage, or any other tangible personal property specified by the IRS. However, if the Custodian permits, specially minted U.S. gold, silver and platinum coins, and certain state-issued coins are permissible IRA investments. You may also invest in certain gold, silver, platinum or palladium bullion. Such bullion must be permitted by the Custodian and held in the physical possession of the IRA Custodian.
10. Your interest in your IRA must begin to be distributed to you by April 1st following the calendar year you attain the age of 701/2. The methods of distribution, election deadlines, and other limitations are described in detail below.

Who is Eligible to Establish an IRA?
You are permitted to make a regular contribution to your IRA for any taxable year prior to the taxable year you attain age 701/2, and also if you receive compensation for such taxable year. Compensation includes salaries, wages, tips, commissions, bonuses, alimony, royalties from creative efforts, and "earned income" in the case of those who are self-employed. The amount of your regular annual contribution that is deductible depends upon whether or not you are an active participant in a retirement plan maintained by your employer: your modified adjusted gross income (Modified AGI); your marital status; and your tax-filing status.

Active Participant
You are considered an active participant if you participate in your employer's qualified pension, profit-sharing, or stock bonus plan qualified under Section 401(a) of the Internal Revenue Code ("the Code"); qualified annuity under Section 403(a) of the Code; a Simplified Employee Pension Plan (SEP) under Section 408(k) of the Code; a retirement plan established by a government for its employees (this does not

include a Section 457 plan); Tax-sheltered annuities (TSA) or custodial accounts under Section 403(b) of the Code; pre-1959 pension trusts under Section 501(c)(18) of the Code; and SIMPLE retirement plans under Section 408(p) of the Code. If you are not sure whether you are covered by an employer-sponsored retirement plan, check with your employer or check your Form W-2 for the year in question. The W-2 form will have a check in the "retirement plan" box if you are covered by a retirement plan. You can also obtain IRS Notice 87-16 for more information on active participation in retirement plans for IRA deduction purposes.

Contributions —
Regular Contributions. The maximum amount you may contribute for any one year is the lesser of 100% of your compensation or the "applicable annual dollar limitation" described below. This is your contribution limit. The deductibility of regular IRA contributions depends upon your marital status, tax filing status, whether or not you are an "active participant," and your Modified AGI.

Applicable Annual Dollar Limitation

| Tax Year | Contribution Limit |
|---|---|
| 2005 through 2007 | $4,000 |
| 2008 | $5,000 |

After 2008, the $5,000 annual limit will be subject to cost-of living increases in increments of $500, rounded to the lower increment. This means that it will take several years beyond 2008 for the $5,000 annual limit to increase to $5,500.

Catch-up Contributions. Beginning for 2002, if an individual has attained the age of 50 before the close of the taxable year for which an annual contribution is being made and meets the other eligibility requirements for making regular traditional IRA contributions, the annual IRA contribution limit for that individual would be increased as follows:

| Tax Year | Normal Limit | Additional Catch-up | Total Contributions |
|---|---|---|---|
| 2005 | $4,000 | $ 500 | $4,500 |
| 2006 | $4,000 | $1,000 | $5,000 |
| 2007 | $4,000 | $1,000 | $5,000 |
| 2008 | $5,000 | $1,000 | $6,000 |

The additional catch-up amount for traditional IRAs is not subject to COLAs. Therefore, after 2008, when the $5,000 normal limit increases to $5,500 due to COLAs, the additional catch-up amount will remain at $1,000, with no further increases to the catch-up amount.

Deductibility for Nonactive Participants.
If you (and your spouse) are not an active participant, then the applicable annual dollar limitation is also your deduction limit for Federal income tax purposes.

Deductibility for Active Participants.
Unmarried Active Participant (or a Married Person filing a separate tax return who did not live with their spouse at any time during the year). For 2005, if you are unmarried and your Modified AGI is $50,000 or less, you may deduct the total amount contributed. If your Modified AGI is $60,000 or more, no deduction is permitted. If your Modified AGI is over $50,000 but less than $60,000, then a calculation must be made to determine your deductible limit for the year. The calculation reduces your otherwise deductible limit by .30 (or .35 if you are age 50 or older) for every $1 of Modified AGI between $50,000 and $60,000. The IRS has provided worksheets for this calculation in the Form 1040 and 1040A instruction booklets.

Married Active Participant Filing a Joint Tax Return.
For 2005, if you file a joint tax return with your spouse and your combined Modified AGI is $70,000 or less, you may deduct the total amount contributed. If your combined Modified AGI is $80,000 or more, no deduction is permitted. If your Modified AGI is over $70,000 but less than $80,000, then a calculation similar to the one described above must be made. The calculation reduces each spouse's otherwise deductible limit by .30 (or .35 if you are age 50 or older) for every $1 of Modified AGI between $70,000 and $80,000.
Married Active Participant Filing a Separate Return (who lived together at any time during the year).
If you have a separate Modified AGI of more than $10,000 no deduction is permitted if either you or your spouse was an active participant for the year. If you or your Spouse's separate Modified AGI is more than $0

but less than $10,000, then each spouse's deductible limit is reduced by .30 (or .35 if you are age 50 or older) for every $1 of Modified AGI between $0 and $10,000.

Deductibility of Regular Contributions for Tax Years After 1997. For contributions, the AGI dollar ranges for certain active participants in employer-sponsored plans are as follows:

| | Married Participants Filing Jointly | Single Participants | Married Participants Filing Separately* |
|---|---|---|---|
| 2005 | $70,000 – $ 80,000 | $50,000 – $60,000 | $0 – $10,000 |
| 2006 | $75,000 – $ 85,000 | $50,000 – $60,000 | $0 – $10,000 |
| 2007 | $80,000 – $100,000 | $50,000 – $60,000 | $0 – $10,000 |

* This AGI dollar range also applies to a nonactive participant spouse who files separately, where his or her spouse is an active participant.

Special Deduction Rule for Spouse who is not an Active Participant.
In the case where an IRA participant is not an active participant in an employer plan at any time during a taxable year but whose spouse is an active participant, a special AGI range applies in calculating the nonactive participant's IRA deduction. In this case, the AGI range for deductible IRA contributions is $150,000–$160,000. However, in order to use this special deduction rule, such spouse must file a joint income tax return with their spouse who is the active participant.

Spousal IRAs.
If during any year you receive compensation and your spouse receives no compensation (or receives compensation), you may make contributions to both your IRA and your spouse's IRA. If you are eligible then you may contribute 100% of your combined compensation divided any way you wish so long as no more than the applicable annual dollar limitation is contributed into either account. You and your spouse must file a joint tax return and have unequal compensations to take advantage of this spousal contribution limit. If you are over the age of 701/2 and your spouse is under age 701/2, then a regular contribution may still be made for the year into the IRA established by your spouse. Such contribution, however, is limited to the lesser of 100% of your combined compensation or the applicable annual dollar limitation. If you or your spouse are an active participant in an employer-sponsored plan, then the IRA deduction for your IRA and your spouse's IRA is based upon the AGI "phase-out" ranges in exactly the same manner as the phase-out under the "Married Active Participant Filing Joint Tax Returns" or under the "Special Deduction Rule for Spouse Who Is Not an Active Participant," whichever applies, as explained above.

$200 Minimum Deduction.
If you fall into any of the categories listed above, your minimum allowable deduction will be $200 until phased out under the appropriate marital status. In other words, if your deductible amount calculated under the appropriate dollar amounts above results in a deduction between $0 and $200, your permitted deduction is $200 instead of the calculated deduction.
Nondeductible IRA Contributions.

You may make a nondeductible IRA contribution in one of two ways. First, you are permitted to treat any regular IRA contributions that are not deductible due to your active participation status as explained above as nondeductible contributions. Secondly, you are permitted to treat an otherwise deductible IRA contribution as a nondeductible contribution. Your total contribution for the year, however, is still limited to the lesser of 100% of your compensation or the applicable annual dollar limitation. Nondeductible IRA contributions represent money in your IRA which has already been taxed. Therefore, when you receive a distribution from any of your traditional IRAs (including SEP IRAs and SIMPLE IRAs), a portion of each distribution will be treated as a tax-free return of your nondeductible contributions. You are responsible for indicating the amount of nondeductible IRA contributions you make for a year on IRS Form 8606, which is attached to your Federal income tax return. You should also be aware that there is a penalty of $100 if you should overstate the nondeductible amount unless you can show it was due to a reasonable cause. There is also a $50 penalty if you do not file the IRS Form 8606 for years that you are required to do so. If you make a nondeductible IRA contribution for a year and you decide not to treat it as a nondeductible contribution, you must withdraw the contribution plus earnings attributable to the nondeductible contribution on or before the tax-filing deadline, including extensions, for the year during which the contribution was made. You may not take a deduction for such amounts. Such earnings will be taxable to you in the year in which the contribution was made and may be subject to the 10% additional tax if you are under the age of 591/2.
Simplified Employee Pension Plan (SEP) Contributions.

Your employer may make a SEP contribution on your behalf into this IRA up to 25% of your compensation. This limit is a per employer limit. Therefore if you work for more than one employer who maintains a SEP plan, you may receive up to 25% of your compensation from each employer. Your employer may contribute to this IRA or any other IRA on your behalf under a SEP plan, even if you are age 70½ or over, and even if you are covered under a qualified plan for the year. Not more than $150,000 (as adjusted annually by the Secretary of the Treasury) will be considered as your compensation in any year. For 1997 through 1999 Plan Years, this compensation limit was $160,000. For the 2000 and 2001 Plan Years, this compensation amount is $170,000. The compensation limit for 2005 (as adjusted annually by the Secretary of the Treasury) is $210,000 and is subject to cost-of-living increases in increments of $5,000. The maximum SEP contribution limit for 2005 is $42,000 (20% x $210,000, capped at $42,000).

Excess Contributions —
Generally an excess IRA contribution is any contribution which exceeds the applicable contribution limits, and such excess contribution is subject to a 6% excise tax penalty on the principal amount of the excess each year until the excess is corrected. You must file IRS Form 5329 to report this excise tax.

Method #1: Withdrawing Excess in a Timely Manner.
This 6% penalty may be avoided if the excess amount plus the earnings attributable to the excess are distributed by your tax-filing deadline, including extensions for the year during which the excess contribution was made, and you do not take a deduction for such excess amount. If you decide to correct your excess in this manner, the principal amount of the excess returned is not taxable, however, the earnings attributable to the excess are taxable to you in the year in which the contribution was made. In addition, if you are under age 59½, the earnings attributable are subject to a 10% premature distribution penalty. This is the only method of correcting an excess contribution that will avoid the 6% penalty.

Method #2: Withdrawing Excess After Tax Filing Due Date.
If you do not correct your excess contribution under Method #1 prescribed above, then you may withdraw the principal amount of the excess (no earnings need be distributed). The 6% penalty will, however, apply first to the year in which the excess was made and each subsequent year until it is withdrawn.

Excess Amount May be Taxable.
If the principal amount of your excess contribution is withdrawn after your tax filing deadline for the year during which the contribution was made in accordance with Method #2, it is not taxable unless the total amount of contributions you made during the year the excess was made exceeded the applicable annual dollar limitation. If the aggregate contribution is greater than the applicable annual dollar limitation, the principal amount of the excess withdrawn under Method #2 is taxable and is subject to the 10% additional tax if you are not yet age 59½.

Method #3: Undercontributing in a Subsequent Year.
Another method of correcting an excess contribution is to treat a prior year excess as a regular contribution in a subsequent year.

Basically all you do is undercontribute in the first subsequent year where you have an unused contribution limit until your excess amount is used up. However, once again you will be subject to the 6% penalty in the first year and each subsequent year that an excess remains.

Rollovers and Recharacterizations
Rollover Contribution from Another Traditional IRA.
A rollover from another traditional IRA is any amount you receive from one traditional IRA and redeposit (roll over) some or all of it over into another traditional IRA. You are not required to roll over the entire amount received from the first traditional IRA. However, any amount you do not roll over will be taxed at ordinary income tax rates for Federal income tax purposes.

The following special rules also apply to rollovers between IRAs:
• The rollover must be completed no later than the 60th day after the day the distribution was received by you. However, if the reason for distribution was for qualified first-time home buyer expenses, and there has been a delay or cancellation in the acquisition of such first home, the 60-day rollover period is increased to 120 days. This 60-day rollover period is also extended in cases of disaster or casualty beyond the reasonable control of the taxpayer.
• You may have only one IRA to IRA rollover during a 12 consecutive-month period measured from the date you received a distribution from an IRA which was rolled over to another IRA. (See IRS Publication 590 for more information.)

• The same property you receive in a distribution must be the same property you roll over into the second IRA. For example, if you receive a distribution from an IRA of property, such as stocks, that same stock must be the property that is rolled over into the second IRA.

• You are required to make an irrevocable election indicating that this transaction will be treated as a rollover contribution.

• You are not required to receive a complete distribution from your IRA in order to make a rollover contribution into another IRA, nor are you required to roll over the entire amount you received from the first IRA.

• If you inherit an IRA due to the death of the participant, you may not roll this IRA into your own IRA unless you are the spouse of the decedent.

• If you are age 70 1/2 or older and wish to roll over to another IRA, you must first satisfy the required minimum distribution for that year and then the rollover of the remaining amount may be made.

• Rollovers from a SEP IRA or an Employer IRA follow the IRA-to-IRA rollover rules, since your contributions under these types of plans are funded directly into your own traditional IRA.

Rollovers from SIMPLE IRA Plans.
A SIMPLE IRA is a separate IRA that may only receive contributions under an Employer-sponsored SIMPLE IRA Retirement Plan. These contributions must remain segregated in a SIMPLE IRA for a two-year period measured from the initial contribution made into your SIMPLE IRA under the Employer's SIMPLE IRA plan. A rollover or transfer from a SIMPLE IRA to any other IRA may not occur until this initial two-year period has been satisfied. Rollovers or transfers between SIMPLE IRA plans are permitted without waiting the two-year period. All of the IRA-to- IRA rollover rules generally apply to rollovers between SIMPLE IRAs.

Recharacterizations.
You may be able to recharacterize certain contributions under the following two different circumstances:
1. By recharacterizing a current year regular contribution plus earnings explained in this section; or
2. By recharacterizing a conversion made to a Roth IRA by transferring the amount plus earnings back to a Traditional IRA discussed in the next section under the heading "Conversion from a Traditional IRA to a Roth IRA." If you decide by your tax-filing deadline (including extensions) of the year for which the contribution was made to transfer a current year contribution plus earnings from your Traditional IRA to a Roth IRA, no amount will be included in your gross income as long as you did not take a deduction for the amount of the contribution. You may also recharacterize a current year contribution plus earnings from your Roth IRA to a Traditional IRA by your tax-filing deadline, including extensions of the year for which the contribution was made. A regular contribution that is appropriately recharacterized from your Roth IRA to a Traditional IRA may be deductible depending upon the deductibility rules previously discussed. In order to recharacterize a regular contribution from one type of IRA to another type of IRA, you must be eligible to make a regular contribution to the IRA to which the contribution plus earnings is recharacterized. All recharacterizations must be accomplished as a direct transfer, rather than a distribution and subsequent rollover. You are also required to report recharacterizations to the IRS in accordance with the instructions to IRS Form 8606. Any recharacterized contribution (whether a regular contribution or a conversion) cannot be revoked after the transfer. You are required to notify both trustees (or custodians) and to provide them with certain information in order to properly effectuate such a recharacterization.

Conversion from a Traditional IRA to a Roth IRA.
You are permitted to make a qualified rollover contribution from a Traditional IRA to a Roth IRA if your Modified AGI for the year during which the distribution is made does not exceed $100,000 and you are not a married person filing a separate tax return. This is called a "conversion" and may be done at any time without waiting the usual 12 months. Modified AGI for purposes of a conversion does not include any distributions from a Traditional IRA that are converted to a Roth IRA and included in income. Modified AGI is determined before deductible Traditional IRA contributions. Effective for distributions after December 31, 2004, modified AGI also does not include any amounts that are required minimum distributions pursuant to section 408(a)(6), but only for purposes of determining eligibility for conversion contributions. You are also permitted to recharacterize a conversion made to a Roth IRA if the amount plus earnings is transferred back to a Traditional IRA before the tax-filing deadline, including extensions for the year that the original conversion came from a Traditional IRA.

Taxation in Completing a Conversion from a Traditional IRA to a Roth IRA.
If you complete a conversion from a Traditional IRA to a Roth IRA, the conversion amount (to the extent taxable) is generally included in your gross income for the year during which the distribution is made from your Traditional IRA that is converted to a Roth IRA. However, the 10% additional income tax for premature distributions does not apply.

Qualified Rollover Contribution.
This term includes: (a) Rollovers between Roth IRAs; and
(b) Traditional IRA to a Roth IRA. Qualified Rollovers must meet the general IRA rollover rules, except that the 12-month rollover restriction does not apply to rollovers (conversions) between a Traditional IRA and a Roth IRA. However, the 12-month rule does apply to rollovers between Roth IRAs. Rollovers from employer-sponsored plans, such as qualified plans and 403(b)s, to a Roth IRA are not permitted. However, you could roll over from the employer's plan to a Traditional IRA, and then roll over (convert) to a Roth IRA if you meet the conversion eligibility requirements discussed earlier.

Rollovers from Employer-Sponsored Plans.
Employer-Sponsored Plans Eligible for Rollovers to Traditional IRAs — Rollovers to Traditional IRAs are permitted if you have received an eligible rollover distribution from one of the following:
• A qualified plan under Section 401(a);
• A qualified annuity under Section 403(a);
• A Tax-Sheltered Annuity (TSA) or Custodial Account under Section 403(b);
• A governmental section 457(b) plan; or
• The Federal Employees' Thrift Savings Plan.

Eligible Rollover Distributions.
An eligible rollover distribution from one of the employer sponsored plans listed above generally includes any distribution that is not:
1. part of a series of substantially equal payments that are made at least once a year and that will last for:
• your lifetime (or your life expectancy), or
• your lifetime and your beneficiary's lifetime(or joint life expectancies), or
• a period of ten years or more.
2. attributable to your required minimum distribution for the year
3. amounts attributable to any hardship distribution
4. deemed distributions of any defaulted participant loan
5. certain corrective distributions and ESOP dividends

Rollovers of After-Tax Employee Contributions.
You can roll over your after-tax employee contributions to a Traditional IRA either as a 60-day rollover or as a direct rollover. If you roll over your after-tax employee contributions to a Traditional IRA, you are required to keep track of these amounts as required by the IRS according to their instructions. This will enable you to calculate the nontaxable amount of any future distributions from your Traditional IRAs. Once you roll over your after-tax employee contributions to a Traditional IRA, these amounts cannot be rolled over later to an employer plan.

Direct Rollover to Another Plan.
You can elect a direct rollover of all or any portion of your payment that is an "eligible rollover distribution," as described above. In a direct rollover, the eligible rollover distribution is paid directly from the Plan to a Traditional IRA or another employer plan that accepts rollovers. If you elect a direct rollover, you are not taxed on the payment until you later take it out of the IRA or the employer plan, and you will not be subject to the 20% mandatory Federal income tax withholding otherwise applicable to Eligible Rollover Distributions that are paid directly to you. Your employer is required to provide you with a Notice regarding the effects of electing or not electing a direct rollover to an IRA or another employer plan. Although a direct rollover is accomplished similar to a transfer, the IRA Custodian must report the direct rollover on Form 5498 as a rollover contribution.

Eligible Rollover Distribution Paid to You.
If you choose to have your eligible rollover distribution paid to you (instead of electing a direct rollover), you will receive only 80% of the payment, because the plan administrator is required to withhold 20% of the payment and send it to the IRS as Federal income tax withholding to be credited against your taxes. However, you may still roll over the payment to an IRA within 60 days after receiving the distribution. The amount rolled over will not be taxed until you take it out of the IRA. If you want to roll over 100% of the payment to an IRA, you must replace the 20% that was withheld from other sources. If you roll over only the 80% that you received, you will be taxed on the 20% that was withheld and that is not rolled over. In either event, the 20% that was withheld can be claimed on your Federal income tax return as a credit toward that year's tax liability.

Conduit IRAs.

A direct rollover (or rollover within 60 days) of any eligible rollover distribution may generally be treated as a "Conduit IRA," provided that a separate IRA is established for purposes of retaining the ability to later roll these funds back into an employer's plan that accepts the rollover. The conduit IRA need not be completely distributed in order for a rollover back to an employer's plan that accepts rollovers. In addition, a surviving spouse may also treat such conduit IRA for purposes of rolling over into the surviving spouse's employer plan that accepts rollovers.

Rollovers from Traditional IRAs into Employer-Sponsored Plans.
Traditional IRAs are permitted to be rolled over into an employer's plan. The employer's plan must accept these types of rollovers. The maximum amount that can be rolled over from a Traditional IRA to an employer's plan that accepts these rollovers cannot exceed the amount that would be taxable. Any amount in a Traditional IRA that represents the principal amount of a nondeductible IRA contribution or a rollover of after-tax employee contributions to a Traditional IRA may not be rolled over to an employer's plan. The types of IRAs that can be rolled over to an employer's plan that accepts these rollovers include regular traditional IRAs, rollover "conduit" IRAs, SEP IRAs, and SIMPLE IRAs (after the two-year waiting period has been satisfied applicable to SIMPLE IRAs). In determining the maximum amount eligible to be rolled over from an IRA to an employer's plan, you must treat all of these types of IRAs as one IRA. Only the taxable amount is eligible to be rolled over. If you are interested in rolling over your Traditional IRAs into your employer's plan, you should contact the plan administrator of your employer's plan for additional information.

Special Rules for Surviving Spouses, Alternate Payees, and Other Beneficiaries.
If you are a surviving spouse, you may choose to have an eligible rollover distribution paid in a direct rollover to a Traditional IRA, your own employer's plan that accepts rollovers, or paid to you. If you have the payment paid to you, you can keep it or roll it over yourself to a Traditional IRA or to your employer's plan that accepts rollovers. If you are the spouse or former spouse alternate payee with respect to a Qualified Domestic Relations Order (QDRO), you may have the payment paid as a direct rollover, or paid to you which you may roll over to a Traditional IRA or your own employer's plan that accepts rollovers. If you are a beneficiary other than the surviving spouse, or you are a nonspouse alternate payee with respect to a QDRO, you cannot choose a direct rollover and you cannot roll over the payment yourself.

The Following Additional Rules Apply to a Rollover from an Employer-sponsored Plan to a Traditional IRA:
• The rollover must be completed no later than the 60th day after the day the distribution was received by you.
• You are required to make an irrevocable election indicating that this transaction will be treated as a rollover contribution.
• You are not required to roll over the entire amount you received from the employer's plan.
• If you are age 701/2 or older and wish to roll over your employer's plan to a Traditional IRA, you must first satisfy the minimum distribution requirement for that year, and then the rollover of the remaining amount may be made.
• If your distribution consists of property (i.e., stocks) you may either roll over the same property (the same stock) or you may sell the distributed property and roll over the proceeds from the sale. This is true whether the proceeds from the sale are more or less than the fair market value of the property on the date of distribution. You may not keep the property received in the distribution and roll over cash which represents the fair market value of the property.

DISTRIBUTIONS
Taxation of Distributions.
When you start withdrawing from your IRA, you may take the distributions in periodic payments, random withdrawals, or in a single sum payment. Generally, all amounts distributed to you from your IRA are included in your gross income in the taxable year in which they are received. However, if you have made nondeductible contributions to your IRA or rollover over after-tax employee contributions from your employer's plan (collectively referred to as "basis"), the nontaxable portion of any distribution from any of your IRAs (except Roth IRAs), if any, will be a percentage based upon the ratio of your unrecovered "basis" to the aggregate of all IRA balances, including SEP, SIMPLE, and rollover contributions, as of the end of the year in which you take the distribution, plus distributions from the account during the year. All taxable distributions from your IRA are taxed at ordinary income tax rates for Federal income tax purposes and are not eligible for any favorable tax treatment.

Premature Distributions.
If you are under age 591/2 and receive a distribution from your IRA, a 10% additional income tax will apply to the taxable portion of the distribution unless the distribution is received due to death; disability; a series of

substantially equal periodic payments at least annually over your life expectancy or the joint life expectancy of you and your designated beneficiary; medical expenses in excess of 71/2% of your adjusted gross income; health insurance premiums paid by certain unemployed individuals; qualified acquisition costs of a first-time home buyer; qualified higher education expenses; a qualifying rollover distribution; the timely withdrawal of the principal amount of an excess or nondeductible contribution; or due to an IRS levy. If you request a distribution in the form of a series of substantially equal payments, and you modify the payments before five years have elapsed and before attaining age 591/2, the 10% additional income tax will apply retroactively to the year payments began through the year of such modification.

Age 701/2 Required Minimum Distributions.
You are required to begin receiving minimum distributions from your IRA by your required beginning date (the April 1 of the year following the year you attain age 701/2). The year you attain age 701/2 is referred to as your "first distribution calendar year." Your minimum distribution for each year beginning with the calendar year you attain the age of 701/2 is generally based upon the value of your account at the end of the prior year divided by the factor for your age derived from the Uniform Lifetime Distribution Period Table regardless of who or what entity is your named beneficiary. This uniform table assumes you have a designated beneficiary exactly 10 years younger than you. However, if your spouse is your sole beneficiary and is more than 10 years younger than you, your required minimum distribution for each year is based upon the joint life expectancies of you and your spouse. The account balance that is used to determine each year's required minimum amount is the fair market value of each IRA you own as of the prior December 31, adjusted for outstanding rollovers (or transfers) of such prior December 31 and recharacterizations that relate to a conversion or failed conversion made in the prior year. However, no payment will be made from this IRA until you provide the Custodian with a proper distribution request acceptable by the Custodian. Upon receipt of such distribution request, you may switch to a joint life expectancy in determining the required minimum distribution if your spouse was your sole beneficiary as of the January 1st of the calendar year that contains your required beginning date and such spouse is more than 10 years younger than you. The required minimum distribution for the second distribution calendar year and for each subsequent distribution calendar year must be made by December 31 of each such year. In any distribution calendar year you may take more than the required minimum. However, if you take less than the required minimum with respect to any distribution calendar year, you are subject to a Federal excise tax penalty of 50% of the difference between the amount required to be distributed and the amount actually distributed. If you are subject to that tax, you are required to file IRS Form 5329.

Reporting the Required Minimum Distribution.
The Custodian must provide a statement to each IRA owner who is subject to required minimum distributions that contains either the amount of the minimum or an offer by the Custodian to perform the calculation if requested by the IRA owner. The statement must inform the IRA owner that required minimum distributions apply and the date by which such amount must be distributed. The statement must further inform the IRA owner that the Custodian must report to the IRS that the IRA owner is required to receive a minimum for the calendar year.

Death Distributions.
If you die before your required beginning date and you have a designated beneficiary, the balance in your IRA will be distributed to your beneficiary over the beneficiary's single life expectancy. These distributions must commence no later than December 31 of the calendar year following the calendar year of your death. However, if your spouse is your sole beneficiary, these distributions are not required to commence until the December 31 of the calendar year you would have attained the age of 701/2, if that date is later than the required commencement date in the previous sentence. If you die before your required beginning date and you do not have a designated beneficiary, the balance in your IRA must be distributed no later than the December 31 of the calendar year that contains the fifth anniversary of your death. If you die on or after your required beginning date and you have a designated beneficiary, the balance in your IRA will be distributed to your beneficiary over the beneficiary's single life expectancy. These distributions must commence no later than December 31 of the calendar year following the calendar year of your death. If you die on or after your required beginning date and you do not have a designated beneficiary, the balance in your IRA must be distributed over a period that does not exceed your remaining single life expectancy determined in the year of your death. However, the required minimum distribution for the calendar year that contains the date of your death is still required to be distributed. Such amount is determined as if you were still alive throughout that year. If your spouse is your sole beneficiary, your spouse may elect to treat your IRA as his or her own IRA, whether you die before or after your required beginning date. If you die after your required beginning date and your spouse elects to treat your IRA as his or her own IRA, any required minimum that has not been distributed for the year of your death must still be distributed to your surviving spouse and then the remaining balance can be treated as your spouse's own IRA.

Prohibited Transactions — If you or your beneficiary engage in a prohibited transaction (as defined under Section 4975 of the Internal Revenue Code) with your IRA, it will lose its tax exemption and you must include the value of your account in your gross income for that taxable year. If you pledge any portion of your IRA as collateral for a loan, the amount so pledged will be treated as a distribution and will be included in your gross income for that year.

Penalties — If you are under age 591/2 and receive a premature distribution from your IRA, an additional 10% income tax will apply on the taxable amount of the distribution unless an exception applies. If you make an excess contribution to your IRA and it is not corrected on a timely basis, an excise tax of 6% is imposed on the excess amount. This tax will apply each year to any part or all of the excess which remains in your account. If you are age 701/2 or over or if you should die, and the appropriate required minimum distributions are not made from your IRA, an additional tax of 50% is imposed upon the difference between what should have been distributed and what was actually distributed. You must file IRS Form 5329 with the Internal Revenue Service for any year an additional tax is due. You must file IRS Form 8606 for any year you make a nondeductible IRA contribution or rollover over after-tax employee contributions from your employer's plan, convert from your Traditional IRA to a Roth IRA, or recharacterize a contribution to your Traditional IRA. There may be a penalty imposed for not filing Form 8606, when required.
Income Tax Withholding — All withdrawals from your IRA (except a direct transfer to another Traditional IRA or any recharacterization) are subject to Federal income tax withholding. You may, however, elect not to have withholding apply to your IRA distribution in most cases. If withholding does apply to your distribution, the applicable rate of withholding is 10% of the amount of the distribution. In addition to Federal income tax withholding, distributions from IRAs may also be subject to state income tax withholding.

Transfers — A direct transfer of all or a portion of your funds is permitted from this IRA to another Traditional IRA, or visa versa. Transfers do not constitute a distribution since you are never in receipt of the funds. The monies are transferred directly to the new trustee or custodian. If you should transfer all or a portion of your IRA to your former spouse's IRA under a divorce decree (or under a written instrument incident to divorce) or separation instrument, you will not be deemed to have made a taxable distribution, but merely a transfer. The portion so transferred will be treated at the time of the transfer as the IRA of your spouse or former spouse. If your spouse is the beneficiary of your IRA, in the event of your death, your spouse may "assume" your IRA. The assumed IRA is then treated as your surviving spouse's IRA.

Federal Estate and Gift Taxes — Generally there is no specific exclusion for IRAs under the estate tax rules. Therefore, in the event of your death, your IRA balance will be includable in your gross estate for Federal estate tax purposes. However, if your surviving spouse is the beneficiary of your IRA, the amount in your IRA may qualify for the marital deduction available under Section 2056 of the Internal Revenue Code. A transfer of property for Federal gift-tax purposes does not include an amount which a beneficiary receives from an IRA plan.

IRS Approval as to Form — This IRA Trust Agreement has been approved by the Internal Revenue Service as to form. This is not an endorsement of the plan in operation or of the investments offered.
Additional Information —You may obtain further information on IRAs from your District Office of the Internal Revenue Service. In particular, you may wish to obtain IRS Publication 590 (Individual Retirement Arrangements).

### TD AMERITRADE Roth Individual Retirement Account Custodial Account Agreement (TD Bank USA, N.A. as Custodian)

(Under Section 408(a) of the Internal Revenue Code) Please save this agreement for future reference.
Article I
1.01 Except in the case of a rollover contribution described in section 408A(e), a recharacterized contribution described in section 408A(d)(6), or an IRA Conversion Contribution, the Custodian will accept only cash contributions up to $4.000 per year for tax years 2005 through 2007. That contribution limit is increased to $5,000 for tax year 2008 and thereafter. For individuals who have reached the age of 50 before the close of the tax year. the contribution limit is increased to $4,500 per year for tax year 2005, $5,000 for 2006 and 2007, and $6,000 for 2008 and thereafter. For tax years after 2008, the above limits will be increased to reflect a cost-of-living adjustment, if any.
Article II
2.01 The annual contribution limit described in Article I is gradually reduced to $0 for higher income levels. For a single Depositor, the annual contribution is phased out between adjusted gross income (AGI) of $95,000 and $110.000; for a married Depositor filing jointly. between AGI of $150,000 and $160,000; and for a married Depositor filing separately. between AGI of $0 and $10,000. In the case of a conversion, the

Custodian will not accept IRA Conversion Contributions in a tax year if the Depositor's AGI for the tax year the funds were distributed from the other IRA exceeds $100,000 or if the Depositor is married and files a separate return. Adjusted gross income is defined in section 408A(c)(3) and does not include IRA Conversion Contributions.

2.02 In the case of a joint return, the AGI limits in the preceding paragraph apply to the combined AGI of the Depositor and his or her spouse.

Article III

3.01 The Depositor's interest in the balance in the custodial account is nonforfeitable.

Article IV

4.01 No part of the custodial account funds may be invested in life insurance contracts, nor may the assets of the custodial account be commingled with other property except in a common trust fund or common investment fund (within the meaning of section 408(a)(5)).

4.02 No part of the custodial account funds may be invested in collectibles (within the meaning of section 408(m)) except as otherwise permitted by section 408(m)(3), which provides an exception for certain gold, silver, and platinum coins, coins issued under the laws of any state, and certain bullion.

Article V

5.01 If the Depositor dies before his or her entire interest is distributed to him or her and the Depositor's surviving spouse is not the designated beneficiary, the remaining interest will be distributed in accordance with (a) below or, if elected or there is no designated beneficiary, in accordance with (b) below:

(a) The remaining interest will be distributed, starting by the end of the calendar year following the year of the Depositor's death, over the designated beneficiary's remaining life expectancy as determined in the year following the death of the Depositor.

(b) The remaining interest will be distributed by the end of the calendar year containing the fifth anniversary of the Depositor's death.

5.02 The minimum amount that must be distributed each year under paragraph 1(a) above is the account value at the close of business on December 31 of the preceding year divided by the life expectancy (in the single life table in Regulations section 1.401(a)(9)-9) of the designated beneficiary using the attained age of the beneficiary in the year following the year of the Depositor's death and subtracting 1 from the divisor for each subsequent year.

5.03 If the Depositor's surviving spouse is the designated beneficiary, such spouse will then be treated as the Depositor.

Article VI

6.01 The Depositor agrees to provide the Custodian with all information necessary to prepare any reports required by sections 408(i) and 408A(d)(3)(E), Regulations sections 1.408-5 and 1.408-6, or other guidance published by the Internal Revenue Service (IRS).

6.02 The Custodian agrees to submit to the IRS and Depositor the reports prescribed by the IRS.

Article VII

7.01 Notwithstanding any other articles which may be added or incorporated, the provisions of Articles I through IV and this sentence will be controlling. Any additional articles inconsistent with section 408A, the related regulations, and other published guidance will be invalid.

Article VIII

8.01 This agreement will be amended as necessary to comply with the provisions of the Code, the related regulations, and other published guidance. Other amendments may be made with the consent of the persons whose signatures appear on the Roth IRA Adoption Agreement.

Article IX

9.01 Representations and Responsibilities. The Depositor represents and warrants that any information provided with respect to this Agreement shall be complete and accurate. Further, the Depositor agrees that any directions given or actions taken will be proper under this Agreement, and that the Custodian shall be entitled to rely on such information or directions. The Custodian shall not be responsible for losses of any kind that may result from the Depositor's directions, actions, or failures to act and the Depositor agrees to reimburse the Custodian for any loss it may incur as a result of such directions, actions or failures to act. The Custodian shall not be responsible for any taxes, penalties, judgments, or expenses incurred by the Depositor in connection with this IRA. The Custodian shall have no duty to determine whether contributions or distributions comply with the Code, regulations, rulings, or this Agreement. The Depositor shall be responsible for all tax consequences originating from contributions to and distributions from this IRA and acknowledges that no tax advice has been provided by the Custodian.

9.02 Accounting. The Custodian shall, at least annually, provide the Depositor or Beneficiary (in the case of death) with an accounting of such Depositor's account, which accounting may consist of regularly brokerage statements. Such accounting shall be deemed to be accepted by the Depositor, if the Depositor or Beneficiary does not object in writing within 60 days after the mailing of such accounting statement.

9.03 Amendment. The Depositor irrevocably delegates to the Custodian the right and power to amend this Custodial Agreement. Except as hereafter provided, the Custodian will give the Depositor 30 days prior

written notice of any amendment. In case of a retroactive amendment required by law, the Custodian will provide written notice to the Depositor of the amendment within 30 days after the amendment is made, or if later, by the time that notice of the amendment is required to be given under regulations or other guidance provided by the IRS. The Depositor shall be deemed to have consented to any such amendment unless the Depositor notifies the Custodian to the contrary within 30 days after notice to the Depositor and requests a distribution or transfer of the balance in the account.

9.04 Resignation and Removal of Custodian.

(a) The Custodian may resign and appoint a successor trustee or custodian to serve under this agreement or under another governing instrument selected by the successor trustee or custodian by giving the Depositor written notice at least 30 days prior to the

effective date of such resignation and appointment, which notice shall also include or be provided under separate cover a copy of such other governing instrument, if applicable, and the related disclosure statement. The Depositor shall then have 30 days

from the date of such notice to either request a distribution of the entire account balance or designate a different successor trustee or custodian and notify the Custodian of such designation. If the Depositor does not request distribution of the account balance or

notify the Custodian of the designation of a different successor trustee or custodian within such 30-day period, the Depositor shall be deemed to have consented to the appointment of the successor trustee or custodian and the terms of any new governing instrument, and neither the Depositor nor the successor shall be required to execute any written document to complete the transfer of the account to the successor trustee or custodian. The successor trustee or custodian may rely on any information, including beneficiary designations, previously provided by the Depositor to the Custodian.

(b) The Depositor may at any time remove the Custodian and replace the Custodian with a successor trustee or custodian of the Depositor's choice by giving 30 days notice of such removal and replacement. The Custodian shall then deliver the assets of the account as directed by the Depositor. However, the Custodian may retain a portion of the assets of the IRA as a reserve for payment of any anticipated remaining fees and expenses, and shall pay over any remainder of this reserve to the successor trustee or custodian upon satisfaction of such fees and expenses.

(c) The Custodian may resign and demand that the Depositor appoint a successor trustee or custodian of this IRA by giving the Depositor written notice at least 30 days prior to the effective date of such resignation. The Depositor shall then have 30 days from the date of such notice to designate a successor trustee or custodian, notify the Custodian of the name and address of the successor trustee or custodian, and provide the Custodian with appropriate evidence that such successor has accepted the appointment and is qualified to serve as trustee or custodian of an individual retirement account.

(i) If the Depositor designates a successor trustee or custodian and provides the Custodian evidence of the successor's acceptance of appointment and qualification within such 30-day period, the Custodian shall then deliver all of the assets held by the Custodian in the account (whether in cash or personal or real property, wherever located, and regardless of value) to the successor trustee or custodian.

(ii) If the Depositor does not notify the Custodian of the appointment of a successor trustee or custodian within such 30-day period, then the Custodian may distribute all of the assets held by the Custodian in the account (whether in cash or personal or real property, wherever located, and regardless of value) to the Depositor, outright and free of trust, and the Depositor shall be wholly responsible for the tax consequences of such distribution. In either case, the Custodian may expend any assets in the account to pay expenses of transfer (including reregistering the assets and preparation of deeds, assignments, and other instruments of transfer or conveyance) to the Successor Trustee or Custodian or the Depositor, as the case may be. In addition, the Custodian may retain a portion of the assets as a reserve for payment of any anticipated remaining fees and expenses. Upon satisfaction of such fees and expenses, the Custodian shall pay over any remainder of the reserve to the successor trustee or custodian or to the Depositor, as the case may be.

9.05 Custodian's Fees and Expenses.

(a) The Depositor agrees to pay the Custodian any and all fees specified in the Custodian's current published fee schedule for establishing and maintaining this Roth IRA, including, but not limited to, any fees for distributions from, transfers from, and terminations of this Roth IRA. The Custodian may change its fee schedule at any time by giving the Depositor 30 days prior written notice. In addition, the Depositor agrees to pay any brokerage commission attributable to the purchase or sale of assets.

(b) The Depositor agrees to pay any expenses incurred by the Custodian in the performance of its duties in connection with the account. Such expenses include, but are not limited to, administrative expenses, such as legal and accounting fees, and any taxes of any kind whatsoever that may be levied or assessed with respect to such account.

(c) All such fees, taxes, and other administrative expenses charged to the account shall be collected either from the assets in the account or from any contributions to, or distributions from, such account if not paid by the Depositor, but the Depositor shall be responsible for any deficiency.

(d) In the event that for any reason the Custodian is not certain as to who is entitled to receive all or part of the Custodial Funds, the Custodian reserves the right to withhold any payment from the Custodial account, to request a court ruling to determine the disposition of the Custodial assets, and to charge the Custodial Fund for any expenses incurred in obtaining such legal determination.

9.06 Withdrawal Requests.

All requests for withdrawal shall be in writing on the form provided by the Custodian. Such written notice must also contain the reason for the withdrawal and the method of distribution being requested. Any withdrawal shall be subject to applicable tax and other laws and regulations, including possible early withdrawal penalties and withholding requirements. If the Depositor is receiving periodic distributions, such Depositor may change a previous tax withholding election at any time with respect to future payments. The Custodian's terms and conditions regarding distributions shall be extended to all mediums permitted pursuant to IRS regulations.

9.07 Responsibilities.

(a) Depositor agrees that all information and instructions given to the Custodian by the Depositor is complete and accurate and that the Custodian shall not be responsible for any incomplete or inaccurate information provided by the Depositor or Depositor's beneficiary(ies). Depositor agrees to be responsible for all tax consequences arising from contributions to and distributions from this Trust Account and acknowledges that no tax advice has been provided by the Custodian.

(b) Beneficiaries must provide the Custodian with a tax identification number prior to receiving any death payments from this Roth IRA.

(c) In the event the Depositor requests a rollover distribution or a trustee-to-trustee transfer, the Depositor shall be responsible for:

(1) If the Depositor does not notify the Custodian of the appointment of a successor trustee or custodian within such 30-day period, then the Custodian may distribute all of the assets held by the Custodian in the account (whether in cash or personal or real property, wherever located, and regardless of value) to the Depositor, outright and free of trust, and the Depositor shall be wholly responsible for the tax consequences of such distribution.

(2) determining whether a rollover or transfer of assets is a taxable event.

(3) assuring that all required paperwork of the delivering institution has been supplied to the transfer or plan prior to initiating a rollover or transfer.

9.08 Designation of Beneficiary.

(a) Except as may be otherwise required by State law, in the event of the Depositor's death, the balance in the account shall be paid to the beneficiary or beneficiaries designated by the Depositor on a beneficiary designation form acceptable to and filed with the Custodian. The Depositor may change the Depositor's beneficiary or beneficiaries at any time by filing a new beneficiary designation with the Custodian. If no beneficiary designation is in effect, if none of the named beneficiaries survive the Depositor, or if the Custodian cannot locate any of the named beneficiaries after reasonable search, any balance in the account will be payable first to the Depositor's surviving spouse listed on the Depositor's death certificate. If there is no surviving spouse, then the assets are payable to the Depositor's estate.

(b) If permitted under State law, and if the Custodian permits, in the event of the Depositor's death, any beneficiary may name a subsequent beneficiary(ies) to receive the balance of the account to which such beneficiary is entitled upon the death of the original beneficiary by filing a Subsequent Beneficiary Designation Form acceptable to and filed with the Custodian. Payments to such subsequent beneficiary(ies) shall be distributed in accordance with the payment schedule applicable to the original beneficiary. In no event can any subsequent beneficiary be treated as a designated beneficiary of the Depositor. The preceding sentence shall not apply with respect to the subsequent beneficiary(ies), if any, of an original spouse beneficiary where the Depositor dies before his or her required beginning date. In this case, the original spouse beneficiary is treated as the Depositor. If the balance of the account has not been completely distributed to the original beneficiary and such beneficiary has not named a subsequent beneficiary or no named subsequent beneficiary is living on the date of the original beneficiary's death, such balance shall be payable to the estate of the original beneficiary.

9.09 Spousal Beneficiary Provisions.

Notwithstanding the provisions of Article 5.03, if the Depositor's only primary beneficiary is the surviving spouse, such spouse may elect to be treated as a non-spouse beneficiary for purposes of the provisions of Articles 5.01 and 5.02, but including the special rule provided under section 401(a)(9)(B)(iv) of the Code. Thus, a surviving spouse beneficiary may remain the beneficiary of the deceased spouse's Roth IRA and be able to take death distributions under the five-year rule or the exception to the five year rule, including the ability to wait to begin receiving distributions over his or her single life expectancy by December 31 of the year the deceased spouse would have attained the age of 70 1/2 had he or she lived, if this date is later than the December 31 immediately following the year of death. In addition, if the surviving spouse is not the sole beneficiary of the Roth IRA, in addition to the provisions of Articles 5.01 and 5.02, the surviving spouse

beneficiary may elect to treat his or her beneficial portion of the deceased spouse's Roth IRA as his or her own Roth IRA.

9.10 Responsibility for Determining Eligibility for Conversion Contributions.

Notwithstanding the provisions of the third sentence of Article II, the Depositor agrees to be solely responsible for determining eligibility to convert any of the Depositor's Traditional IRAs to a Roth IRA.

9.11 Combining Regular Roth IRA Contributions with Roth Conversion Contributions.

The Depositor may combine regular Roth IRA contributions in the same Roth IRA as Roth IRA conversion contributions. The Depositor agrees to designate each deposit as either a regular Roth IRA contribution (and the tax year to which it relates) or a Roth IRA conversion contribution. The Depositor further agrees that he/she will be solely responsible for any record keeping of such deposits as determined or required by the Internal Revenue Service, including, but not limited to, the timing, ordering, and taxation of any distributions.

9.12 Death Benefit Default Provisions.

If the Depositor dies and the beneficiary does not select a method of distribution described in Article V, Section 5.01(a) or (b) by the December 31 following the year of the Depositor's death, then distributions will be made pursuant to the single life expectancy of the Designated Beneficiary determined in accordance with IRS regulations. However, no payment will be made until the beneficiary provides the Custodian with a proper distribution request acceptable to the Custodian and other documentation that may be required by the Custodian. A beneficiary may at any time request a complete distribution of his or her remaining interest in the Trust Account. The Custodian reserves the right to require a minimum balance in the account in order to make periodic payments from the account.

9.13 Governing Law.

This Agreement shall be construed, regulated and administered under the laws of the State of New York, and any court accounting shall be in the courts of New York.

9.14 Arbitration.

The Depositor agrees that all controversies which arise under this Agreement or in connection with the Depositor's account shall be governed by the depositor's Client Agreement with the Broker. Notwithstanding any other provision in the document, any arbitration provision shall be subject to the interpretation of the Code and regulations thereunder.

9.15 Inquiries.

The Depositor authorizes the Custodian to furnish upon request (i) to the Broker all information relating to the Depositor's IRA and (ii) to the issuer of securities the Depositor's name, address, and securities positions relating to the securities of such issuer.

Article X Self-Directed IRA Provisions

10.01 Investment of Contributions.

At the direction of the Depositor (or the direction of the beneficiary upon the Depositor's death) the Custodian shall invest all contributions to the account and earnings thereon in investments acceptable to the Custodian, which may include marketable securities traded on a recognized exchange or "over the counter" (excluding any securities issued by the Custodian), covered call options, Certificates of Deposit, and other investments to which the Custodian consents, in such amounts as are specifically selected and specified by Depositor in orders to the Custodian in such form as may be acceptable to the Custodian, without any duty to diversify and without regard to whether such property is authorized by the laws of any jurisdiction as a custodial investment. The Custodian shall be responsible for the execution of such orders and for maintaining adequate records thereof. However, if any such orders are not received as required, or, if received, are unclear in the opinion of the Custodian, all or a portion of the contribution may be held uninvested without liability for loss of income or appreciation, and without liability for interest pending receipt of such orders or clarification, or the contribution may be returned. The Custodian may, but need not, establish programs under which cash deposits within parameters set by it will be periodically and automatically invested in a TD AMERITRADE, FDIC-insured money market account. Cash deposits outside of these parameters may not be invested or may permit the Depositor to select among alternative investments funds made available by the Custodian for this purpose. The Custodian shall have no duty other than to follow the written investment directions of the Depositor, and shall be under no duty to question said instructions, and shall not be liable for any investment losses sustained by the Depositor.

10.02 Registration.

All assets of the account shall be registered in the name of the Custodian or of a suitable nominee. The same nominee may be used with respect to assets of other investors whether or not held under agreements similar to this one or in any capacity whatsoever. However, each Depositor's account shall be separate and distinct; a separate account therefore shall be maintained by the Custodian, and the assets thereof shall be held by the Custodian in individual or bulk segregation, either in the Custodian's vaults or in depositories approved by the Securities and Exchange Commission under the Securities Exchange Act of 1934.

10.03 Investment Advisor.

The Depositor may appoint an Investment Advisor, qualified under Section 3(38) of the Employee Retirement Income Security Act of 1974, to direct the investment of his Roth IRA. The Depositor shall notify

the Custodian in writing of any such appointment by providing the Custodian a copy of the instruments appointing the Investment Advisor and evidencing the Investment Advisor's acceptance of such appointment, an acknowledgement by the Investment Advisor that it is a fiduciary of the account, and a certificate evidencing the Investment Advisor's current registration under the Investment Advisor's Act of 1940. The Custodian shall comply with any investment directions furnished to it by the Investment Advisor, unless and until it receives written notification from the Depositor that the Investment Advisor's appointment has been terminated. The Custodian shall have no duty other than to follow the written investment directions of such Investment Advisor and shall be under no duty to question said instructions, and the Custodian shall not be liable for any investment losses sustained by the Depositor.

10.04 No Investment Advice.

The Custodian does not assume any responsibility for rendering advice with respect to the investment and reinvestment of depositor's account and shall not be liable for any loss which results from Depositor's exercise of control over his account. The Custodian and Depositor may specifically agree in writing that the Custodian shall render such advice, but the Depositor shall still have and exercise exclusive responsibility for control over the investment of the assets of his account, and the Custodian shall not have any duty to question his investment directives.

10.05 Prohibited Transactions.

Notwithstanding anything contained herein to the contrary, the Custodian shall not lend any part of the corpus or income of the account to; pay any compensation for personal services rendered to the account to; make any part of its services available on a preferential basis to; acquire for the account any property, other than cash, from; or sell any property to, any Depositor, any member of a Depositor's family, or a corporation controlled by any Depositor through the ownership, directly or indirectly, of 50 percent or more of the total combined voting power of all classes of stock entitled to vote, or of 50 percent or more of the total value of shares of all classes of stock of such corporation.

10.06 Unrelated Business Income Tax.

If the Depositor directs investment of the account in any investment which results in unrelated business taxable income, it shall be the
responsibility of the Depositor to so advise the Custodian and to provide the Custodian with all information necessary to prepare and file any required returns or reports for the account. As the Custodian may deem necessary, and at the Depositor's expense, the custodian may request a taxpayer identification number for the account, file any returns, reports, and applications for extension, and pay any taxes or estimated taxes owed with respect to the account. The Custodian may retain suitable accountants, attorneys, or other agents to assist it in performing such responsibilities.

10.07 Disclosures and Voting.

The Custodian shall deliver, or cause to be executed and delivered, to Depositor all notices, prospectuses, financial statements, proxies and proxy soliciting materials relating to assets credited to the account. The Custodian shall not vote any shares of stock or take any other action, pursuant to such documents, with respect to such assets except upon receipt by the Custodian of adequate written instructions from Depositor.

10.08 Miscellaneous Expenses.

In addition to those expenses set out in Section 9.05 of this plan, the Depositor agrees to pay any and all expenses incurred by the Custodian in connection with the investment of the account, including expenses of preparation and filing any returns and reports with regard to unrelated business income, including taxes and estimated taxes, as well as any transfer taxes incurred in connection with the investment or reinvestment of the assets of the account.

10.09 Nonbank Custodian Provision.

If the Custodian is a nonbank custodian, the Depositor shall substitute another trustee or custodian in place of the Custodian upon receipt of notice from the Commissioner of the Internal Revenue Service or his delegate that such substitution is required because the Custodian has failed to comply with the requirements of Income Tax Regulations Section 1.408-2(e), or is not keeping such records, making such returns, or rendering such statements as are required by applicable law, regulations, or other rulings. The successor trustee or custodian shall be a bank, insured credit union, or other person satisfactory to the Secretary of the Treasury pursuant to Section 408(a)(2) of the Code. Upon receipt by the Custodian of written acceptance by its successor of such successor's appointment, Custodian shall transfer and pay over to such successor the assets of the account (less amounts retained pursuant to Section 9.04 of the Custodial Agreement) and all records (or copies thereof) of the Custodian pertaining thereto, provided that the successor trustee or custodian agrees not to dispose of any such records without the Custodian's consent.

General Instructions — (Section references are to the Internal Revenue Code unless otherwise noted.)

Purpose of Form — Form 5305-RA is a model custodial account agreement that meets the requirements of section 408A and has been preapproved by the IRS. A Roth individual retirement account (Roth IRA) is established after the form is fully executed by both the individual (Depositor) and the Custodian. This

account must be created in the United States for the exclusive benefit of the Depositor and his or her beneficiaries. Do not file Form 5305-RA with the IRS. Instead, keep it with your records. Unlike contributions to Traditional individual retirement accounts, contributions to a Roth IRA are not deductible from the Depositor's gross income; and distributions after five years that are made when the Depositor is 591/2 years of age or older or on account of death, disability, or the purchase of a home by a first-time homebuyer (limited to $10,000), are not includable in gross income. For more information on Roth IRAs, including the required disclosures the Custodian must give the Depositor, see Pub. 590, Individual Retirement Accounts (IRAs).

Definitions:
IRA Conversion Contributions. IRA Conversion Contributions are amounts rolled over, transferred, or considered transferred from a non-Roth IRA to a Roth IRA. A non-Roth IRA is an individual retirement account or annuity described in section 408(a) or 408(b), other than a Roth IRA.
Custodian. The Custodian must be a bank or savings and loan association, as defined in section 408(n), or any person who has the approval of the IRS to act as Custodian.
Depositor. The Depositor is the person who establishes the custodial account.

Specific Instructions
Article I. The Depositor may be subject to a 6% tax on excess contributions if (1) contributions to other individual retirement accounts of the Depositor have been made for the same tax year, 2) the Depositor's adjusted gross income exceeds the applicable limits in Article II for the tax year, or (3) the Depositor's and spouse's compensation is less than the amount contributed by or on behalf of them for the tax year. The Depositor should see the disclosure statement or Pub. 590 for more information.
Article V. This article describes how distributions will be made from the Roth IRA after the Depositor's death. Elections made pursuant to this article should be reviewed periodically to ensure they correspond to the Depositor's intent. Under paragraph 3 of Article V, the Depositor's spouse is treated as the owner of the Roth IRA upon the death of the Depositor, rather than as the beneficiary. If the spouse is to be treated as the beneficiary, and not the owner, an overriding provision should be added to Article IX.
Article IX. Article IX and any that follow it may incorporate additional provisions that are agreed to by the Depositor and Custodian to complete the agreement. They may include, for example, definitions, investment powers, voting rights, exculpatory provisions, amendment and termination, removal of the Custodian, Custodian's fees, state law requirements, beginning date of distributions, accepting only cash, treatment of excess contributions, prohibited transactions with the Depositor, etc. Attach additional pages if necessary.

Roth IRA Disclosure Statement
This Disclosure Statement, which is provided you in compliance with Treasury Regulation section 1.408-6(d)(4), explains what you should know about your individual retirement account (IRA), and is a general review of the federal income tax law applicable to it.
Right to Revoke Your Roth IRA— You may revoke your Roth IRA within seven (7) days after you sign the Roth IRA Adoption Agreement by hand-delivering or mailing a written notice to the name and address indicated on the Roth IRA Adoption Agreement. If you revoke your account by mailing a written notice, such notice must be postmarked by the 7th day after you sign the Adoption Agreement. If you revoke your Roth IRA within the 7-day period you will receive a refund of the entire amount of your contributions to the Roth IRA without any adjustment for earnings or any administrative expenses. If you exercise this revocation, we are still required to report the contribution on Form 5498 (except transfers) and the revoked distribution on Form 1099-R.

General Requirements of a Roth IRA —
• Your contributions must be made in cash, unless you are making a qualified rollover contribution and the Custodian accepts non-cash rollover contributions.
• The annual contributions you make on your behalf to all of your Roth IRAs and Traditional IRAs may not exceed the lesser of 100% of your compensation or the "applicable annual dollar limitation" (defined below), unless you are making a rollover or transfer contribution from a Traditional IRA or another Roth IRA.
• Your regular annual Roth IRA contributions for any taxable year may be deposited at any time during that taxable year, and up to the due date for the filing of your Federal income tax return for that taxable year, no extensions. This generally means April 15 of the following year.
• The Custodian of your Roth IRA must be a bank, savings and loan association, credit union or a person who is approved to act in such a capacity by the Secretary of the Treasury.
• No portion of your Roth IRA funds may be invested in life insurance contracts.
• Your interest in your Roth IRA is nonforfeitable at all times.
• The assets in your Roth IRA may not be commingled with other property, except in a common trust fund or common investment fund.

• You may not invest the assets of your Roth IRA in collectibles (as described in Section 408(m) of the Internal Revenue Code). A collectible is defined as any work of art, rug or antique, metal or gem, stamp or coin, alcoholic beverage, or any other tangible personal property specified by the IRS. However, if the Custodian permits, specially minted U.S. gold, silver, and platinum coins and certain state-issued coins, are permissible Roth IRA investments. Beginning on 1/1/98, you may also invest in certain gold, silver, platinum or palladium bullion, if the trustee or custodian permits. Such bullion must be in the physical possession of the Roth IRA trustee or custodian.

Who Is Eligible to Establish a Roth IRA?
You are permitted to make regular contributions to your Roth IRA for any taxable year if you receive compensation for such taxable year. Compensation includes salaries, wages, tips, commissions, bonuses, alimony, royalties from creative efforts and "earned income" in the case of self-employed individuals. The amount that is permitted to be contributed depends upon your modified adjusted gross income (Modified AGI); your marital status; and your tax filing status discussed below.

Contributions to a Roth IRA
Regular Roth Contributions.
The maximum amount you may contribute for any year is the lesser of 100% of your compensation or the "applicable annual dollar limitation" (described below). Your actual contribution limit depends upon your marital status, tax filing status, and your Modified AGI.

Applicable Annual Dollar Limitation

| Year | Contribution Limit |
|---|---|
| 2005 through 2007 | $4,000 |
| 2008 | $5,000 |

After 2008, the $5,000 annual limit will be subject to cost-of-living increases in increments of $500, rounded to the lower increment. This means that it will take several years beyond 2008 for the $5,000 annual limit to increase to $5,500.

Catch-up Contributions.
If an individual has attained the age of 50 before the close of the taxable year for which an annual contribution is being made and meets the other eligibility requirements for making regular Roth IRA contributions, the annual Roth IRA contribution limit for that individual would be increased as follows:

| Tax Year | Normal Limit | Additional Catch-up | Total Contributions |
|---|---|---|---|
| 2005 | $4,000 | $ 500 | $4,500 |
| 2006 | $4,000 | $1,000 | $5,000 |
| 2007 | $4,000 | $1,000 | $5,000 |
| 2008 | $5,000 | $1,000 | $6,000 |

The additional catch-up amount for Roth IRAs is not subject to COLAs. Therefore, after 2008 when the $5,000 normal limit increases to $5,500 due to COLAs, the additional catch-up amount will remain at $1,000 with no further increases to the catch-up amount. All regular contributions (including catch-up contributions) to a Roth IRA are nondeductible. The maximum amount you may contribute to a Roth IRA is reduced by any contributions you make to all of your Traditional IRAs for the same tax year. In other words, the total maximum combined annual contribution to a Traditional IRA and a Roth IRA for 2002 is $4,000 ($4,500 if you are age 50 or older).

Unmarried Taxpayer (or a Married Person filing a separate return who did not live with their spouse at any time during the year).

If you are unmarried and your Modified AGI is $95,000 or less, you may contribute up to the maximum Applicable Annual Dollar Limitation, plus the additional catch-up amount, if applicable, to your Roth IRA. If your Modified AGI is $110,000 or more, no contribution is permitted. If your Modified AGI is over $95,000 but less than $110,000, then a calculation must be made to determine your Roth IRA contribution limit for the year. For 2005, the calculation reduces your otherwise allowable contribution limit by .20 (or .2333 if you are age 50 or older) for every $1 of Modified AGI between $95,000 and $110,000.

Married Person Filing Joint Tax Return.